(65 App. Div. 178.)

### BINGHAMTON TRUST CO. v. GRANT et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF JUDGMENT DEBTOR — AFFIDAVIT—SUFFICIENCY.

Where an order for the examination of a judgment debtor in supplementary proceedings was granted upon an affidavit and the judgment roll in the action, an order denying a motion to set such order aside on the ground that the affidavit in support thereof did not state in what county the action was brought and judgment entered, or the judgment roll filed, as required by Code Civ. Proc. § 2458, will not be set aside where the judgment roll is not in the papers on appeal, and the court cannot say that the required facts omitted in the affidavit were not supplied by the judgment roll.

Appeal from special term, New York county.

Action by the Binghamton Trust Company against Judson H. Grant and others. From an order denying a motion to vacate an order for the examination of a judgment debtor in supplementary proceedings, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. H. Machin, for appellant.
Taylor Moore, for respondent.

McLAUGHLIN, J. The respondent applied to and obtained from one of the justices of this court an order for the examination of a judgment debtor in proceedings supplementary to execution. The order was granted upon an affidavit and the judgment roll in the action. Subsequent to the service of the order upon the judgment debtor, he moved, upon the papers upon which it had been granted, to set aside the same, upon the ground, among others, that the affidavit upon which it was granted was insufficient, in that it did not appear therefrom in what county the action was brought, or in what county the judgment was entered or the judgment roll filed, and that it was necessary for the judgment creditor to establish these facts, with others specified, in order to give the court jurisdiction. The motion was denied, and from that order the present appeal is taken.

If the order directing the examination had been granted on the affidavit alone, there would be much force in the appellant's contention, inasmuch as section 2458 of the Code of Civil Procedure specifically provides that, in order to entitle a judgment creditor to maintain a proceeding of this character, these facts, with others, must be satisfactorily established. But the order was not based upon the affidavit alone. On the contrary, as appears from the recitals contained in it, it was based upon the affidavit and the judgment roll in the action; and, for aught that appears, each of the required facts omitted in the affidavit was supplied by the judgment roll. Inasmuch as the appellant has not seen fit to incorporate the judgment roll in his appeal papers, we are unable to say that all of the facts required by the Code were not established to the satisfaction of the learned justice who granted the order.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.